Filed 9/15/16  P. v. Spivey CA2/7
On remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DAVID WAYNE SPIVEY,<br><br>  Defendant and Appellant. | B252500<br><br>(Los Angeles County<br>Super. Ct. No. YA064306) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed and remanded with directions.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael R. Johnsen, Steven D. Matthews, and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

On December 15, 2014 we filed an opinion remanding this matter to the trial court to resentence David Wayne Spivey after considering the mitigating factors relating to the distinctive attributes of a juvenile offender identified in *Miller v. Alabama* (2012) 567 U.S. __ [132 S.Ct. 2455, 183 L.Ed.2d 407] (*Miller*), *People v. Gutierrez* (2014) 58 Cal.4th 1354 (*Gutierrez*) and *People v. Caballero* (2012) 55 Cal.4th 262 (*Caballero*). The Supreme Court granted the Attorney General's petition for review on March 11, 2015, and deferred further action pending its decision in several cases, including *People v. Franklin*, S217699. On August 17, 2016 the Court transferred the matter to us with directions to vacate our December 15, 2014 decision and reconsider the cause in light of *People v. Franklin* (2016) 63 Cal.4th 261, 268-269, 283-284 (*Franklin*). Under *Franklin* Spivey's constitutional challenge to his sentence is now moot. However, we remand the case to the trial court to determine whether Spivey is entitled to a hearing to present evidence relevant to his future youth offender parole hearing.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Spivey was convicted following a jury trial of first degree murder, shooting at an inhabited dwelling and conspiracy to commit murder with true findings on related firearm-use and criminal-street-gang enhancement allegations. Prior to the initial sentencing on November 1, 2010, the trial court heard argument from counsel and a statement from Spivey's mother. The court advised the parties it had read and considered the probation report, the parties' sentencing memoranda and 10 letters submitted on Spivey's behalf. The parties stipulated no supplemental probation report was necessary.

---

[1]     In transferring Spivey's case to us for reconsideration in light of *Franklin*, the Supreme Court directed us to the pages in its decision that discussed the need to remand the case to the trial court for a determination whether Franklin had been given a sufficient opportunity to put on the record the type of information that Penal Code sections 3051 and 4801 deem relevant to a youth offender parole hearing.

Spivey and the Attorney General had the opportunity, pursuant to California Rules of Court, rule 8.200(b), to file supplemental briefs addressing matters that arose after our prior decision in the case, including the impact of the Supreme Court's decision in *Franklin*, *supra*, 63 Cal.4th 261 and, specifically, whether it is appropriate here, as it was in *Franklin*, to remand the case to the trial court. Neither party elected to do so.

2

The trial court then sentenced Spivey, who was 17 years old at the time of the crimes and 22 years old when originally sentenced in November 2010, to an aggregate state prison term of 58 years to life.

In Spivey's initial appeal, *People v. Spivey* (May 22, 2012, modified June 18, 2012, B229312) (nonpub. opn.), we rejected several challenges to his sentence but remanded for resentencing in light of the trial court's failure to impose a proper sentence on the count for shooting at an inhabited dwelling. The court had sentenced Spivey to 25 years to life for first degree murder, plus 25 years to life for the firearm-use enhancement under Penal Code section 12022.53, subdivisions (d) and (e)(1),[2] plus the lower term of three years for shooting at an inhabited dwelling and an additional five years for the gang enhancement on that offense.[3] However, section 186.22, subdivision (b)(4)(B), specifies an alternate punishment of 15 years to life for certain crimes, including a violation of section 246 (discharging a firearm at an inhabited dwelling). In remanding the matter we explained, "[W]e cannot tell from this record whether the court would have imposed the sentence on count three to run consecutively or concurrently had it realized the proper sentence was an indeterminate term of life in prison with a minimum parole eligibility of 15 years" rather than a determinate term of eight years.

On remand Spivey filed a new sentencing memorandum in which he urged the trial court to impose the term concurrently. Spivey argued imposition of the additional indeterminate life term to run consecutively would be excessive in light of his age and the resulting aggregate state prison sentence of 65 years to life would violate the Eighth Amendment's prohibition on cruel and unusual punishment within the meaning of *Miller, supra,* 567 U.S. __ , *Graham v. Florida* (2010) 560 U.S. 48 [130 S.Ct. 2011, 176 L.Ed.2d 825] (*Graham*), and *Caballero, supra,* 55 Cal.4th 262. After considering Spivey's memorandum, the trial court stated it believed a consecutive sentence was warranted for

---

[2]     Statutory references are to this code.

[3]     The court stayed the sentence for conspiracy to commit murder pursuant to section 654.

3

the reasons it had articulated at the original sentencing hearing in 2010. Without commenting on his Eighth Amendment argument, the court sentenced Spivey to an aggregate state prison term of 65 years to life.

Spivey again appealed, arguing the new sentence was the functional equivalent of life without the possibility of parole and violated the Eight Amendment's prohibition against cruel and unusual punishment because it was imposed without considering the mitigating factors relating to the distinctive attributes of a juvenile offender identified in *Miller*, *supra*, 567 U.S. ___, *Gutierrez*, *supra*, 58 Cal.4th 1354 and *Caballero*, *supra*, 55 Cal.4th 262. We agreed with Spivey's constitutional challenge to his sentence and again remanded for resentencing on count three, shooting at an inhabited dwelling for the benefit of a criminal street gang, but stated, "We express no opinion on how the trial court should weigh the factors discussed in *Miller* and *Gutierrez* on remand or whether the term of 15 years for shooting at an inhabited dwelling for the benefit of a criminal street gang should be imposed to run consecutively or concurrently." (*People v. Spivey*, Dec. 15, 2014, B252500.)

In our opinion we recognized, as the Attorney General argued, the trial court had considered Spivey's age and criminal history, as reflected in the probation report, as well as the remarks of Spivey's mother, when it originally sentenced him in 2010. However, we explained, the court did so without benefit of the analysis in *Miller, supra,* 567 U.S. __ and *Gutierrez, supra,* 58 Cal.4th 1354; and the probation report, which we reviewed, did not include a discussion of all the pertinent *Miller* factors. When it resentenced Spivey in September 2013 following our remand, the court simply stated it was adopting its prior reasoning for imposing a consecutive sentence on count 3. Under those circumstances we concluded the proper course was to remand for resentencing on that count in accordance with *Miller* and *Gutierrez*.

In our second opinion we also considered, and rejected, the Attorney General's argument that Spivey's constitutional claim was mooted by the Legislature's enactment of sections 3051 and 4801, effective January 1, 2014, which make Spivey eligible for a

4

youth offender parole hearing during his 25th year of incarceration.  (§§ 3051, subd. (b)(3), 4801, subd (d).)

The Supreme Court reached the contrary conclusion in *Franklin*, *supra*, 63 Cal.4th 261:  "Consistent with constitutional dictates, those statutes provide Franklin with the possibility of release after 25 years of imprisonment [citation] and require the Board of Parole Hearings (Board) to 'give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity'" (*Id*. at p. 268; see *id*. at pp. 278-279 ["section 3051 has changed the manner in which the juvenile offender's original sentence operates by capping the number of years that he or she may be imprisoned before becoming eligible for release on parole.  The Legislature has effected this change by operation of law, with no additional resentencing procedure required."].)  Because the legal landscape had changed since Franklin's sentencing—his sentencing hearing occurred before the *Miller* decision—the Court remanded the case for the trial court to determine whether he had been given an adequate opportunity at sentencing to make a record of mitigating evidence tied to his youth.  (*Id*. at pp. 269, 283-284.)

## DISCUSSION

In rejecting as moot a constitutional challenge to a 50-year-to-life sentence as the functional equivalent of a sentence of life without the possibility of parole, the Supreme Court in *Franklin*, *supra*, 63 Cal.4th at page 281 held section 3051 "effectively reforms the parole eligibility date of a juvenile offender's original sentence so that the longest possible term of incarceration before parole eligibility is 25 years. . . .  Franklin is not subject to a sentence that presumes his incorrigibility; by operation of law, he is entitled to a parole hearing and possible release after 25 years of incarceration."

As the *Franklin* Court explained, in order for the youth offender parole hearing to provide a meaningful opportunity for release, section 4801, subdivision (c), requires the Board of Parole Hearings to "'give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity' [citation].  These statutory provisions echo language in constitutional

5

decisions of the high court and this court." (*Franklin*, *supra*, 63 Cal.4th at p. 283.) The *Franklin* Court then emphasized that the newly enacted statutes "also contemplate that information regarding the juvenile offender's characteristics and circumstances at the time of the offense will be available at a youth offender parole hearing to facilitate the Board's consideration"—his or her cognitive ability, character, and social and family background at the time of the offense. (*Id*. at pp. 269, 283.) Developing and assembling that information, the Court observed, is typically a task more easily done at or near the time of the juvenile's offense rather than decades later. (*Id*. at pp. 283-284.) Because the Supreme Court could not determine whether Franklin had had a sufficient opportunity to put on the record that type of information—at the time Franklin was sentenced the trial court had no reason to consider such evidence (*id*. at p. 269)—the Court remanded the matter, not for resentencing, but for a determination "whether Franklin was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Id*. at p. 284.)

As was true in *Franklin*, Spivey's original sentencing hearing occurred prior to the United States Supreme Court's landmark decision in *Miller*, *supra*, 567 U.S. ___. Although the trial court considered Spivey's age, the remarks of his mother and a probation report before imposing the initial, erroneous indeterminate 58-year-to-life sentence, it is not clear whether the record contained information concerning all of the pertinent factors that may contribute to the diminished culpability of a youthful offender. That initial sentencing record was not expanded for the second sentencing hearing, at which the trial court imposed a 68-year-to-life sentence. Accordingly, a limited remand, as in *Franklin*, is necessary. If the trial court determines that Spivey did not have a sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 now deem relevant at a youth offender parole hearing, "then the court may receive submissions and, if appropriate, testimony pursuant to procedures set forth in section 1204 and rule 4.437 of the California Rules of Court, and subject to the rules of evidence." (*Franklin*, *supra*, 63 Cal.4th at p. 284.) Both Spivey and the prosecutor will be entitled to put on the record any evidence that demonstrates Spivey's culpability or

6

cognitive maturity or otherwise bears on the influence of youth-related factors: "The goal of any such proceeding is to provide an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors [citation] in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law' [citation]." (*Ibid*.)

## DISPOSITION

Our prior opinion in *People v. Spivey* (Dec. 15, 2014, B252500) is vacated. We affirm Spivey's sentence but remand the matter for a determination under *Franklin*, *supra*, 63 Cal.4th 261 whether Spivey was afforded an adequate opportunity to make a record of information that will be relevant for his youth offender parole hearing under Penal Code sections 3051 and 4801. If the trial court determines Spivey did not have a sufficient opportunity to make such a record, the court shall hold an evidentiary hearing according to the procedures outlined in *Franklin*, at pages 283 through 284, and in this opinion.



PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.


7